IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORY CUNNINGHAM, 714253, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-2562-P |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28

U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

## II. Background

On November 24, 1994, Petitioner was convicted of capital murder and was sentenced

life in prison. *State of Texas v. Cory Cunningham*, No. F93-44376-TN (195th Jud. Dist. Ct.,

Dallas County, Tex., Nov. 22, 1994). On December 11, 1996, the Fifth District Court of Appeals

affirmed the conviction and sentence. Petitioner did not file a petition for discretionary review.

On November 26, 2012, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Cunningham*, No.78,968-02. On March 13, 2013, the Texas Court of Criminal Appeals denied the petition without written order.

On June 26, 2013, Petitioner filed this federal petition for habeas relief pursuant to 28 U.S.C. § 2254. He argues: (1) he is actually innocent; (2) the trial court abused its discretion by failing to grant his motion for severance; and (3) his trial attorney rendered ineffective assistance of counsel by failing to obtain a plea bargain for the crime he actually committed.

On January 13, 2014, Respondent filed his answer arguing the petition is barred by limitations. On March 7, 2014, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

## III.  Discussion

### A.      Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See Antiterrorism and Effective Death Penalty Act*, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner's conviction was affirmed on December 11, 1996. He did not file a petition for discretionary review. His conviction therefore became final thirty days later on January 10, 1997. *See* Tex. R. App. P. 68.2(a); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date of April 24, 1996 to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

------

time for seeking direct review;

(B)　　the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)　　the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)　　the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his first state habeas petition until November 26, 2012, which was after the limitations period expired.

Petitioner was required to file his federal habeas petition by April 24, 1997. He did not file his petition until June 26, 2013. His petition is therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he is actually innocent. The Supreme Court has recently held that, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new

evidence." *Id.* at 327.

In this case, Petitioner has presented no new evidence. Instead, he cites trial evidence that he believes supports his claim that because he was not the shooter, he should not have been convicted of capital murder. This evidence was submitted to the jury. Petitioner has failed to submit new evidence showing it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 3⟋ day of _April_, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).